UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STANLEY A. CAVIENSS, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-01157 (UNA) |

## MEMORANDUM OPINION

Plaintiff filed this matter on March 3, 2025, but he did not provide a residence address, in contravention of D.C. LCvR 5.1(c)(1). Plaintiff has since complied with the court's order, ECF No. 3, directing him to provide an address of record, *see* Response, ECF No. 4. Now, upon review of plaintiff's *pro se* untitled amended submission ("Am. Compl."), ECF No. 7, and his application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, the court grants the IFP application, but for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff presents an untitled operative submission that he refers to as a "silver bullet of a smoking gun brief," *see* Am. Compl. at 6 (cleaned up), contravening Fed. R. Civ. P. 10(a) and D.C. LCvR 5.1(g), but the court generously construes the submission as an amended complaint, *See* Fed. R. Civ. P. 3; *In re Sealed Case No. 98-3077*, 151 F.3d 1059, 1069 n.9 (D.C. Cir. 1998) (noting that a civil action "must be initiated by complaint[.]") (citing Fed. R. Civ. P. 3); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("A party commences a civil action by filing a complaint. . . [and] [w]hen no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief.") (citing Fed. R. Civ. P. 3).

The content of plaintiff's "amended complaint" fares no better the original. Plaintiff previously filed a now-closed employment discrimination matter in the U.S. District Court for the

District of Connecticut, *see Cavienss v. Norwak Transit*, No. 21-cv-01694 (MPS) (filed D. Conn. filed Dec. 20, 2021) ("*Cavienss I*");[1] *see id*. at 2nd Cir. Mandate, ECF No. 149 (dismissing interlocutory appeal, Jan. 13, 2025); *id*. at Order & Judgment, ECF No. 160–61 (granting Defendant's Motion for Summary Judgment).  In the instant matter, plaintiff sues entities and individuals associated with *Cavienss I*, namely, the presiding judge, opposing counsel, the Clerk of Court for the District of Connecticut, the United States Court of Appeals for the Second Circuit, and two Second Circuit judges.  *See* Am. Compl. at 4.  Plaintiff also attempts to bring this case as a whistleblower on behalf of the United States under the False Claims Act.  *See id*. at 8, 10.

The amended complaint is difficult to follow and is, essentially, a reconfiguration of his claims in *Cavienss I*, just now expanded to include those involved with its adjudication.  *See id.* at 1–12.  Plaintiff quite broadly alleges, with little to no supporting facts or context, that defendants conspired to carry out judicial misconduct and plotted to violate his constitutional rights and myriad other rules and statutes, primarily "Rule 60(b) and *Bivens*."  *See id*.  At root, plaintiff takes issue with unfavorable decisions in *Cavienss I*, and he asks this court for assorted equitable relief "vacating and overturning" those determinations.  *See id.* at 1, 3–7, 10.

First, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).  Here, the "complaint" fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor

---

[1]  A court may take judicial notice of the docket and facts on the public record in other court proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp*., 407 F.3d 1220, 1222 (D.C. Cir. 2005).

meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). Plaintiff's amended complaint falls squarely into this category, failing to advance beyond a tangled mass of broad assertions.

Second, this court is without jurisdiction to intervene in *Cavienss I*, because it may not review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) (finding it "axiomatic" that a federal court may order judges or officers of another federal court "to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986). Indeed, as noted, plaintiff cites repeatedly to Federal Rule 60(b), *see* Am. Compl. at 1–3, 5, but to the extent he seeks relief from judgment, he must file for that relief in *Cavienss I*, not in a separate action, or in a different District.

Third, even if plaintiff could overcome these hurdles, he has failed to state a claim under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). For *Bivens* claim, "it is damages or nothing," *Davis v. Passman*, 442 U.S. 228, 245 (1979) (citation and internal quotation marks omitted), and here, plaintiff has not sought damages. Even if he had, his claims would still fail, because constitutional tort suits against the United States or its instrumentalities are not recognized under *Bivens*. *See Federal Deposit Ins. Corp v. Meyer*, 510 U.S. 471, 484–486 (1994).

Fourth, plaintiff may not bring this action as a whistleblower. In federal courts, a plaintiff "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Here, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015); therefore, the "*pro se* plaintiff may not file a *qui tam* action[,]" *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see also Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases)); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."). It is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases).

Finally, insofar as plaintiff attempts to report judicial misconduct, *see* Am. Compl. at 1–2, 3–4 (citing 28 U.S.C. § 351), 5–7, 9–10, this court bears no jurisdiction to take action on a judicial conduct or disability complaint, *see* 28 U.S.C. §§ 351–364. Congress has established a statutory mechanism for JC&D complaints that begins with a complaint filed with the clerk of the court of appeals for the relevant circuit, *see* 28 U.S.C. § 351(a); *see also Hueter v. Kruse*, No. 20-cv-03686, 2021 WL 3052034, at *2 (D.D.C. July 20, 2021) (no private right of action under 28 U.S.C. § 351,

*et seq.*), but this court is not a circuit court, and the proper court would be the Second Circuit, not the D.C. Circuit, as this action bears no connection to this jurisdiction. Simply put, at no point does a JC&D complaint involve the federal district court. *See Smith v. Scalia*, 44 F. Supp. 3d 28, 44 n.11 (D.D.C. 2014) (quoting *Smith v. Krieger*, 389 Fed. Appx. 789, 798 (10th Cir. 2010) (other citation omitted)).

For all of these reasons, this matter is dismissed without prejudice. Plaintiff's pending motion for protective order, ECF No. 6, seeking the same relief, is denied for the same reasons explained above. A separate order accompanies this memorandum opinion.

Date:  June 18, 2025

_____/s/_____
AMIT P. MEHTA
United States District Judge